J. T. BEEKS, Appellant, v. DICKINSON COUNTY, IOWA,
ET AL.

**Contagious disease:** NEGLIGENCE: LIABILITY OF COUNTY. A county
1 is not liable for the negligence of health officers in the enforcement of quarantine regulations.

**Same.** Local boards of health in the enforcement of quarantine
2 regulations have no power to fix upon the county a liability for

loss or damage suffered by reason of the quarantine, which is not expressly authorized by statute even though directed by the board of supervisors so to do.

**Enforcement of quarantine:** LIABILITY OF HEALTH OFFICERS. Health officers act in a *quasi* judicial capacity, and, in the absence of malice, are not personally liable for any injury resulting from the enforcement of a quarantine though mistaken as to the necessity therefor.

*Appeal from Dickinson District Court.*— HON. W. B. QUARTON, *Judge.*

WEDNESDAY, JULY 11, 1906.

THE plaintiff and his family were quarantined thirty days by the local board of health of one of the townships in Dickinson county because of a supposed case of smallpox in the family. There was in fact no contagious disease in the family, and the plaintiff brings this suit to recover of the county, and of the individual members of the local board of health of the township, damages which he alleges he has suffered on account of the quarantine. A demurrer to the petition and its amendments was sustained, and a judgment rendered for the defendants. The plaintiff appeals.— *Affirmed.*

*J. W. Cory,* for appellant.

*Francis & Owen,* for appellees.

SHERWIN, J.— It is the settled law of this state, as well as the general rule, that municipal corporations are not liable for the negligence of their officers or agents in executing health regulations adopted for the purpose of preventing the spread of contagious diseases. In so far as a municipality undertakes the duty of making and enforcing quarantine regulations and other laws for the promotion of the public health, it is performing governmental functions, and its officers are not

1. CONTAGIOUS DISEASE: negligence: liability of county.

agents for whose action or inaction it is liable unless such liability is imposed by its charter, or by the laws of the state under which it exists. *McFadden v. Town of Jewell,* 119 Iowa, 321; *Easterly v. Town of Irwin,* 99 Iowa, 694; *Ogg v. City of Lansing,* 35 Iowa, 495; *Packard v. Voltz,* 94 Iowa, 277; *Calwell v. City of Boone,* 51 Iowa, 687; 1 Tiedeman, State and Federal Control of Persons and Property, 122. Furthermore, it is probably true that the officers in question were not strictly municipal officers or agents so as to render the county liable for their acts in any event. They became health officers by virtue of the statute which fixed the tenure of office also. While such officers are elected in townships, they are elected in obedience to the statute, to perform a public service not peculiarly local or corporate, but as state officers with such powers and duties as the statute confers upon them. 2 Dillon's Municipal Corporations, sections 974, 975, 977.

When quarantined, the plaintiff and his family lived on a farm in one township and rented and worked a farm in another, and he alleges in his petition that because of his detention he was unable to care for the crops

2. SAME.

on the farm so rented, and unable to procure others to do so; that he suffered a total loss of the crop thereon for which he seeks recovery. In addition to his claim that the county is liable generally for the alleged negligence of the local board of health, the appellant contends that at the time of the quarantine the local officers promised that the county would provide him the necessary help for taking care of his crops, and that because of such promise and further, because the statute makes the county liable in the first instance for the care of infected and quarantined persons, it is liable for the value of his crops. Section 2568 of the Code creates local boards of health, and makes it the duty of such boards to make such regulations as are necessary for the protection of the public health, and to proclaim and establish quarantine against all infectious or contagious

diseases dangerous to the public, and section 2570 of Code Supplement (1902) provides for the care of infected persons and for the payment of the expenses incurred on account thereof.    The statute neither expressly or by implication provides for anything more, and we are not at liberty to read into it an enlarged liability.    It is also very clear that the members of the local board of health had no power to create a liability not imposed by law, even if they had acted under the direction of the board of supervisors.    The liability that may be incurred by such boards is fixed by law and beyond this neither can go.    See Dillon, *supra.*

The remaining question is whether the members of the local board of health are individually liable for the loss of the plaintiff's crops.    The statute makes it the duty of health officers to quarantine against " all infectious or contagious diseases dangerous to the public " and it cannot well be questioned that the

3. ENFORCEMENT OF QUARANTINE: liability of health officers.

defendants were acting within the scope of their duty as such officers, and that in establishing the quarantine they were acting in a quasi judicial character.    They were vested with the power to determine whether an infectious or contagious disease existed in the appellant's family, and if found to exist their duty under the statute required them to take the proper steps to prevent its spread, and had they neglected to do so they would have been culpable in a high degree.    They were therefore acting judicially, and it is the general rule that officers so acting are not liable for injuries which may result from such acts performed in the honest exercise of their judgment, however erroneous or mistaken the action may be, provided there be no malice or wrong motive present.    *Raymond v. Fish,* 51 Conn., 80, (50 Am. Rep., 3); *Lowe v. Conroy,* 120 Wis., 151, (97 N. W. 942, 66 L. R. A. 907); see, also, Packard v. Voltz, *supra.*    In some cases an exception to this general rule has been recognized, and the individual officers have been held liable because of the maxim that where there is a wrong there is a

remedy.   See Lowe v. Conroy, *supra,* and cases cited therein, and *McCord v. High,* 24 Iowa, 336, where Judge 'Dillon in a concurring opinion recognizes and applies the rule.   We are of opinion, however, that where the public health is involved, this rule should not be applied, notwithstanding the fact that courts of great ability have so held.   It is the modern *tendency of judicial opinion to* hold that the public health is the highest law of the land and " whenever a police regulation is reasonably demonstrated to be a promoter of public health all constitutionally guarantied rights must give way to be sacrificed without compensation to the owner."   *2* Tiedeman on State and Federal Control, section 169.

Nor does this doctrine necessarily conflict with the maxim to which we have referred.   As we have already said, this board of health was a creation of the statute and its paramount duty was to protect the public health; its duty, then, was to the public and not to any individual member thereof, except to act honestly and without design to injure him.   If a health officer fails to do his duty no individual may complain, for the duty is public and the officer is not charged with any individual duty to any particular person.   Cooley on Torts, 382.   If there be no liability for an omission of public duty, it would seem to follow without question that an erroneous performance should not subject the officer to personal liability.   It may, it is true, cause an injury to the individual, but it is not a wrong because the officers owe the individual no duty beyond what we have already stated. Cooley on Torts, 379, 380.   In volume 5 of his work on Negligence, Judge Thompson says: " So a board of health may establish quarantine regulations and thereby cut off the entire trade of one section of the country with another. This measure may break up the business of a particular person and drive him into insolvency, and yet he would have no action for damages against the members of the board although it might turn out that the regulation was in point of fact wholly unnecessary."   It is " *damnum absque in-*

*juria."   Benden v. Nashua,* 17 N. H. 477.   See, also, section 6376, Thompson on Negligence.

This rule should not be so extended as to protect health officers who act without the scope of their authority, or who act with gross negligence amounting to malice.   In Packard v. Voltz, *supra,* the action was against the county and two of its supervisors individually for diverting and damming water to the damage of the plaintiff.   It was alleged that the individual members of the board acted maliciously and in wanton disregard of the plaintiff's rights.   We held, that neither the county nor the individuals were liable notwithstanding the charge of malice against the latter; that they were acting under the direction of the board and that there could be no liability on their part as agents of the county because of the non-liability of their principal.   The principle is applicable here, and we need not go to the length therein stated to find support for our conclusion.   In *McCord v. High* heretofore referred to, the question of the public health was not involved, and we do not consider the opinion of Judge Dillon controlling in this case.   It is unfortunate that any individual should suffer loss because of a mistake as to the existence of a dangerous contagious disease, and yet the welfare of the public is of such paramount importance that a rule should not be established which will have the necessary effect of increasing the public danger.   If health officers, acting in perfect good faith and as their judgment dictates, are held liable for a mistake in judgment, the effect upon the public health cannot be doubted.   For instance, many competent physicians have never been brought into actual contact with smallpox, and many mistakes have been made in diagnosing diseases which later proved to be highly contagious.   Whole communities have been exposed and suffered because of mistakes in judgment and over-caution for the liberty of the individual.   If civil liability is to be imposed because of a quarantine which is later proved unnecessary, the danger to the public will be greatly en-

hanced, and the effectiveness of the statute greatly impaired. We do not feel like announcing such a rule, nor do we believe justice to the individual requires it.

The judgment is therefore *affirmed*.