VICTOR H. DeBOLT, APPELLEE, V. JASPER L. McBRIEN, APPELLANT.

FILED MAY 15, 1914.  No. 17,415.

1. **Appeal:** AFFIRMANCE FOR WANT OF BRIEFS: REHEARING.  In the practice of this court, an order affirming the judgment of the lower court for want of briefs is considered as final and conclusive as a judgment upon briefs and oral argument.  Upon motion a rehearing will be granted if a plain error appears upon the record probably requiring a reversal.

2. **Officers:** ACTION FOR DAMAGES.  If an officer performs an act in the exercise of his office, which it is his plain duty to perform, his motives for such action cannot be questioned in an action for damages.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.  *Reversed.*

*A. C. Epperson* and *Burkett, Wilson & Brown,* for appellant.

*Ringer & Bednar* and *Murdock & Pancoast, contra.*

SEDGWICK, J.

This defendant was state superintendent of public instruction of the state of Nebraska, and this plaintiff was one of the school teachers of the state.  The plaintiff brought this action in the district court for Lancaster county against the defendant and the surety on his official bond to recover damages for an alleged libel.  Upon trial in the district court the action was dismissed as to the surety; there was a verdict and judgment in favor of the plaintiff, and the defendant has appealed.

When this case was called for hearing in this court, the appellant was in default for a brief, and the judgment of the district court was affirmed for that reason.  Afterwards, upon motion for rehearing, it was considered that there was a plain error, prejudicial to the appellant, in the record of such a nature as, without discussion, to require this court to grant a rehearing upon the merits.

In the practice of this court, the order affirming the judgment of the lower court for want of briefs is considered as final and conclusive as a judgment upon briefs and oral argument, and a rehearing will not be granted unless a plain error appears upon the record probably requiring a reversal.   In this case a rehearing was ordered, and the cause was submitted upon the briefs and oral argument.

The amended petition, among other things, alleges that "in a letter to A. E. Littel, the then county superintendent of Wayne county, under date of April 22, 1908, defendant Jasper L. McBrien accused the plaintiff of poker playing and being under the influence of liquor at a certain time prior thereto, and stated that he was not worthy of being granted a certificate, and, in this connection, plaintiff informs the court that said letter is a part of the public records of the state superintendent of public instruction." To this allegation the defendant in his amended answer alleges: "And this defendant further admits that he did write of and concerning the plaintiff that he was said to be a poker player, and that he was of questionable character, and that plaintiff was unfit to teach school."   The answer also admitted that the defendant was at the time complained of state superintendent of public instruction, and alleged that the letter complained of was written in good faith in the course of his duties as such officer.  There was an attempt to present other issues in the petition and in the answer, but upon the trial the court withdrew all other issues from the consideration of the jury and confined their inquiries to the issue above stated.

The court instructed the jury:   "The court now submits to you for your consideration two utterances of the defendant in a letter dated April 22, 1908, to superintendent A. E. Littel, said utterances being as follows:  'The charge against Mr. DeBolt by Mr. McDonald was poker playing Sunday afternoon.   Mrs. Gamble charged him with being under the influence of liquor once in her presence.'  These are the only allegations of libel that the court now submits to you for your consideration.   All other utterances of the defendant concerning the plaintiff are now withdrawn

from your consideration, as definite and affirmative utterances of libel, and are left for your consideration only as bearing upon the question of whether the defendant, in uttering the two sentences quoted from his letter of April 22, acted maliciously, or as in aggravation or mitigation of plaintiff's damages, if any you should find. * * * It appears from the evidence that the defendant wrote the letter dated April 22, 1908, to superintendent A. E. Littel containing the utterances quoted in the fifth paragraph of these instructions. You are instructed that each of these sentences contains language which is libelous *per se,* and it is unnecessary to plead special damages. However, it appears from the pleadings and evidence that the defendant, in writing the letter of April 22, was communicating to the county superintendent of Wayne county, Nebraska, information touching the fitness of the plaintiff to teach school at Winside, and you are instructed that in so doing he was in the performance of his official duties. What he there wrote was therefore conditionally privileged, which means that the defendant was not, and is not, liable for what he there wrote until the plaintiff removes the privilege by affirmative proof on his part of actual or, as it is sometimes called, express malice on the part of the defendant, in writing one or both of those sentences contained in said letter of April 22. * * * Express malice is an actual, spiteful, malignant or revengeful disposition or ill will against another. In order for the plaintiff to establish express malice in this case, it is necessary that he establish by a preponderance of the proof that the defendant, at the time he wrote one or both of said sentences, wilfully entertained an actual, spiteful, malignant or revengeful disposition or ill will against the plaintiff."

Mr. Littel, to whom the letter referred to was sent, was county superintendent of schools of Wayne county, and it was the duty of the state superintendent to advise him in regard to his duties. In this part of the letter submitted to the jury, the defendant did not make any charges against the plaintiff as of his own knowledge. He told the county

superintendent what information he had, and gave the names of his informants, and stated plainly and, so far as our attention has been called to the condition of the record, truthfully the accusations against defendant that had been made to him in his official capacity. That Mr. McDonald, one of the officers of the school board where the plaintiff had been teaching, had informed the state superintendent that the plaintiff had played poker on Sunday afternoon, and that "Mrs. J. W. Gamble, of Plattsmouth," had charged the plaintiff "with being under the influence of liquor once in her presence," were facts that the county superintendent should know in making the investigation that the law required him to make as to the character of an applicant for a teacher's certificate. The state superintendent was clearly right in passing this information on to the county superintendent. The trial court correctly told the jury that "in so doing he was in the performance of his official duties." But the court also told the jury that, if the defendant had actual malice "in writing one or both of these sentences," or if "in repeating what he had heard about the plaintiff * * * (he) acted maliciously, then you are instructed that the defendant, by so doing, indorsed said charges as his own, and he is liable for all the natural and probable consequences of his acts."

Much evidence was taken as to the condition of the defendant's mind and feeling toward the plaintiff when he gave this information to the county superintendent. The theory of the trial being that, if the defendant had a "spiteful, malignant or revengeful disposition or ill will" against the plaintiff when he performed this duty, he would be liable to an action for damages. This is not the law. If an officer performs an act in the exercise of his office, which it is plainly his duty to perform, it may give him pain to perform it because it injuriously affects a friend, or pleasure because it affects an enemy; such motives may be discreditable, but they cannot be inquired into in an action for damages. His duty is the same whether it affords him pain or pleasure to perform it. If a public officer is corrupt, and from prejudice or other

vicious motives unnecessarily injures another, the law generally provides means for removing him from office; but if the act complained of is in the line of his official duty, and not unlawful, the public welfare requires that he shall be free to perform his official duties without being subject to inquiry by a jury as to the condition of his mind and heart when such duties are performed. The law goes much further in the protection of an officer in the discharge of his duties than is necessary in this case. The head of an executive department is not liable in damages on account of official communications made by him pursuant to an act of congress, and in respect of matters within his authority, by reason of any personal or malicious motive that prompted his action. *Spalding v. Vilas*, 161 U. S. 483.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

ROSE, J., not sitting.