JULIUS MEYERS, Petitioner, v. CHRIS BERTSCH, Respondent.

(234 N. W. 513.)

128

Opinion filed October 29, 1930.

*F. O. Hellstrom,* for petitioner.
*Gordon V. Cox,* for respondent.

PER CURIAM. The above named plaintiff, Julius Meyers, has applied to this court for a writ to restrain the defendant Bertsch from acting or pretending to act as chairman of the Democratic county central committee of Burleigh county. The plaintiff claims that he, and not the defendant, is such chairman.

Upon the argument plaintiff's counsel asserted that the controversy is primarily one between the plaintiff and the defendant, and that, consequently, the proceeding should be instituted in the name of the person whose interests are involved, and should not be brought in the name of the state. This contention, in our opinion, discloses the existence of facts requiring a denial of the application; for the original jurisdiction of the supreme court may not be invoked for the determination of private rights or controversies, nor may it be invoked by any individual plaintiff. This jurisdiction is "reserved for the use of the state itself when it appears to be necessary to vindicate or protect its prerogatives or franchises, or the liberties of its people; the state uses it to punish or prevent wrongs to itself or to the whole people; *the state is always the plaintiff and the only plaintiff,* whether the action be brought by the attorney general, or, against his consent, on the relation of a private individual under the permission and direction of the court." State ex rel. Linde v. Taylor, 33 N. D. 76, 83, 84, L.R.A.1918B, 156, 156 N. W. 561, Ann. Cas. 1918A, 583. When instituted in the name of the state on the relation of a private individual it is not the suit of such relator. "He is a mere incident; he brings the public injury to the attention of

the court, and the court, by virtue of the power granted by the Constitution, commands that the suit be brought *by and for the state.*" Ibid.

The proceeding here is not one which the court may entertain in the exercise of its original jurisdiction. It is not a suit by the state. The plaintiff does not seek to bring action by the state on his relation. On the contrary he disclaims any such purpose; he seeks to obtain a writ in his own name and for his own use as a private litigant. The original jurisdiction of the Supreme Court does not apply to a proceeding of that kind.

Application denied.

BURKE, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.