[File No. 6349.]

CARL A. GOTTSCHALCK, Appellant, v. J. H. SHEPPERD, Nelson Sauvain, Laura B. Sanderson, Robert Rishworth, Bertha A. Palmer, and Joseph A. Kitchen, Respondents.

(260 N. W. 573.)

Opinion filed April 27, 1935.

*Clair F. Brickner,* for appellant.
*Nilles, Oehlert & Nilles,* for respondents.

BURR, J. This is an appeal from an order sustaining demurrers to the complaint.

The complaint shows that at all times involved the defendant Shepperd was president of the State Agricultural College, and the remaining defendants members of the board of administration; that ever since June, 1919, the plaintiff was one of the professors in the college; that this appointment was permanent, subject to removal for cause; that the school was governed by a constitution adopted by the predecessors of the board of administration and ratified by this board; this constitution provided that before dismissal the professors were entitled to have the charges against them stated in writing and to be given a

hearing; that "the defendants arbitrarily and summarily dismissed the plaintiff without any just cause or reason and without making any investigation and without holding any hearing and without any knowledge of any facts which might be material to the exercise of any discretion and further that the said summary dismissal was arbitrarily malicious, illegal, and with the intent on the part of each of the defendants to damage, harm and injure the plaintiff and because of personal prejudice and in defiance and disregard of their official duties to ascertain any fact or facts upon which to base any judgment as to the facts;" that it was the duty of the president to consult the deans of the various schools and directors or heads of the departments in the matter of a dismissal of a member of the faculty; that in violation of these provisions defendant Shepperd made false and malicious statements to the board of administration designed to injure and damage the plaintiff, and that by reason thereof he lost his position as professor without any charges being filed against him and without any opportunity to be heard; that as a result plaintiff was damaged in his good name and reputation and has been and will be unable to secure other employment. He asks for damages for this loss and for the loss of future earnings, etc.

The defendant Shepperd demurred to the complaint on the grounds that it failed to state facts sufficient to constitute a cause of action, and that several causes of action have been improperly united. The remaining defendants demurred on the same grounds and also that there was a defect of parties defendant. The trial court sustained the demurrers and the plaintiff appeals.

The government and management of the Agricultural College, when first established, was vested in a board of trustees (Comp. Laws 1913, § 1605). This board was empowered "to employ a president and necessary teachers, instructors and assistants to conduct such school" (Comp. Laws 1913, § 1609), and was given the power to "remove the president or subordinate officers and supply all vacancies." (Comp. Laws 1913, § 1611.) Under the provisions of chapter 237 of the Session Laws of 1915 this supervision of the college was placed in the hands of a board of regents with the same powers and duties, including "power to elect . . . professors . . . and fix the compensation paid them." (§ 7) By the provisions of chapter 71 of the Laws of 1919 this

supervision was placed in the hands of the board of administration and it was provided in such statute that the said board "shall assume all the powers and perform all the duties of the . . . state board of regents. . . ." (§ 5, C. 237, Sess. Laws 1919.)

The plaintiff is not seeking a review of the action of the board of administration so as to be re-instated as a professor; nor is he seeking to recover salary under the theory of breach of contract. His action is in tort for damages. The main question before us, then, is whether the members of the board of administration, acting as such board under the powers conferred and in the discharge of the duty required, are liable in damages, even if they act maliciously.

It is clear from the statute that the government, management and administration of the college are vested by law in the board of administration with full power to appoint and dismiss professors. A professor or teacher is not a public officer. He is a mere employee of the board. Hartigan v. West Virginia University, 49 W. Va. 14, 38 S. E. 698, 700; People ex rel. Kelsey v. New York Post Graduate Medical School & Hospital, 29 App. Div. 244, 51 N. Y. S. 420; Baltimore v. Lyman, 92 Md. 591, 48 A. 145, 52 L.R.A. 406, 84 Am. St. Rep. 524. It is true the board may agree with a professor to employ him for an indefinite term. We are not concerned here with the question of how far one group of board members may bind groups subsequently appointed and this is not involved. It is also true the board may agree with a professor not to remove him without a hearing and to give him a copy of the charges upon which the hearing is to be based; but this does not alter his status. It may give him cause of action for salary in case his contract is broken in this respect, but such situation is not presented here. While there may be the distinction of social grade in dignity there is no difference in nature between the employment of a teacher in the college and a teacher in the other grades of public schools. All are employees of the board hiring them, and the relation is one of contract only. See Mootz v. Belyea, 60 N. D. 741, 236 N. W. 358, 75 A.L.R. 1347; Butler v. University, 32 Wis. 124; State Bd. of Agriculture v. Meyers, 20 Colo. App. 139, 77 P. 372. A mere violation of the contract does not render the board personally liable. Morrison v. McFarland, 51 Ind. 206.

The authorities are not in harmony on the question of whether offi-

cers, non-judicial in character, but exercising quasi judicial powers can be held personally liable while exercising such powers if they act maliciously. That judicial officers can not be so held is settled beyond controversy. Root v. Rose, 6 N. D. 575, 72 N. W. 1022; Landseidel v. Culeman, 47 N. D. 275, 181 N. W. 593; Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L.R.A.(N.S.) 164, Ann. Cas. 1914C, 1155; Jones v. Brown, 54 Iowa, 74, 6 N. W. 140, 37 Am. Rep. 185.

This immunity is extended in this state to officials who are not strictly judicial officers. Kittler v. Kelsch, 56 N. D. 227, 216 N. W. 898, 56 A.L.R. 1217. Therein it is stated (p. 245) "The doctrine of exemption of judicial and quasi judicial officers, is founded upon a sound public policy, not for the protection of the officers, but for the protection of the public. . . ." It is true this case was dealing with a state's attorney—the prosecuting official, so closely allied with the courts that he may personally make complaints and file informations without the interposition of the grand jury—and there is eminent authority to the effect that the immunity of administrative officers, called upon to exercise quasi judicial powers is "only partial and limited by good faith and honest purpose." Cooley, Torts, 3d ed. 800. After citing cases showing that "members of a school board may be held responsible for the dismissal of a teacher, if they act maliciously and without cause," and with reference to other cases the writer says (p. 801) "In respect to these last cases, though they seem out of harmony with the general rule above laid down, and the reasons on which it rests, (the rule of absolute immunity when exercising quasi judicial powers), yet we may perhaps, safely concede that there are various duties lying along the borders between those of a ministerial and those of a judicial nature, which are usually intrusted to inferior officers, and in the performance of which it is highly important that they be kept as closely as possible within strict rules. If courts lean against recognizing in them full discretionary powers, and hold them strictly within the limits of good faith, it is probably a leaning that, in most cases, will be found to harmonize with public policy." This observation is sustained by many authorities. See Lee v. Huff, 61 Ark. 494, 33 S. W. 846; Elmore v. Overton, 104 Ind. 548, 4 N. E. 197, 54 Am. Rep. 343; Beeks v. Dickinson County, 131 Iowa, 244, 108 N. W. 311, 312, 6 L.R.A.(N.S.) 831, 9 Ann. Cas. 812; Huebner v. Nims,

132 Mich. 657, 94 N. W. 180; Gregory v. Small, 39 Ohio St. 346; Burton v. Fulton, 49 Pa. 151; Garff v. Smith, 31 Utah, 102, 86 P. 772, 774, 120 Am. St. Rep. 924.

However other jurisdictions hold that on principle this immunity applies to all officers whenever the decision made is judicial in character. Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 Am. St. Rep. 575; (but see Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916); Jones v. Loving, 55 Miss. 109, 30 Am. Rep. 508; Weaver v. Devendorf, 3 Denio, 117; Steele v. Dunham, 26 Wis. 393. In the Mississippi case the immunity was extended to the mayor and aldermen of the town; in the New York case to assessors in determining the value of taxable property; and in the Wisconsin case to the town board of equalization and review. In all cases it was held that even if the board acted maliciously the members were not liable in damages—the rule of judicial immunity being extended to them. In the New York case (3 Denio) it is stated "no public officer is responsible in a civil suit, for a judicial determination, however erroneous it may be, and however malicious the motive which produced it. . . . The rule extends to judges from the highest to the lowest; to jurors, and to all public officers, whatever name they may bear, in the exercise of judicial power." This holding is fully approved in the Wisconsin case wherein the court quotes: "Such acts, when corrupt may be punished criminally; but the law will not allow malice and corruption to be charged in a civil suit against such an officer and what he does in the performance of a judicial duty." In Spalding v. Vilas, 161 U. S. 483, 40 L. ed. 780, 786, 16 S. Ct. 631, it is said that when an official acts "having authority, his conduct cannot be made the foundation of a suit against him personally for damages, even if the circumstances show that he is not disagreeably impressed by the fact that his action injuriously affects the claims of particular individuals"—that he acts maliciously does not change the law. See also Cappel v. Pierson, 15 La. App. 524, 132 So. 391; Sweeney v. Young, 82 N. H. 159, 131 A. 155, 158, 42 A.L.R. 757; DeBolt v. McBrien, 96 Neb. 237, 147 N. W. 462; Sanders State Bank v. Hawkins (Tex. Civ. App.) 142 S. W. 84, 86. The board was not charged with acting without right; but with acting with right in a wrongful manner—an erroneous exercise of actual power. Sweeney v. Young, supra. We are satisfied that the rule

laid down in Kittler v. Kelsch is the sounder rule and therefore an administrative officer, while acting within his jurisdiction in discretionary matters wherein he is given quasi judicial powers, is not liable in a civil action no matter what his motives may have been. There is no showing the board exceeded its jurisdiction. "Acting in bad faith" is not excess of jurisdiction. Jaffarian v. Murphy, 280 Mass. 402, 183 N. E. 110, 85 A.L.R. 293. The demurrer by the members of the board of administration was well taken.

The complaint alleges that the defendant Shepperd, as president, maliciously induced the board of administration to dismiss the plaintiff and that by so doing he was guilty of a misdemeanor in that § 23 of the Constitution of this state provides that "Every citizen of this state shall be free to obtain employment wherever possible, and any person . . . maliciously interfering or hindering in any way, any citizen from obtaining or enjoying employment already obtained, . . . shall be deemed guilty of a misdemeanor." His argument is that the defendant Shepperd, having maliciously interfered with the employment he already had, is guilty of a misdemeanor and is therefore liable in damages for the wrong which he inflicted. His further claim is that in any event, as the defendant Shepperd had in writing made false charges against him, he is guilty of libel and is answerable therefor. We need not determine either of these legal principles asserted. Nothing in the complaint shows the plaintiff to be a citizen of the United States or a citizen of the state and such citizen is the only one protected by § 23 of the state Constitution. Neither are we required to determine whether the defendant is answerable for damages because of libel. Clearly the complaint was not framed on the theory of libel. No attempt was made to set forth the alleged libelous statements or even their import and general tenor. The whole theory of the complaint is conspiracy between the president of the college and the members of the board of administration to remove the plaintiff, and thereby he was removed. As we have already shown, the motives of the members of the board can not be made the basis of an action for damages against them. With no libel shown Shepperd is not answerable for damages.

550

The demurrer of the defendant Shepperd was properly sustained. The order is affirmed.

BURKE, Ch. J., and CHRISTIANSON and NUESSLE, JJ., concur.

MORRIS, J., being disqualified did not participate.