## DUGGAN v. O'GRADY, Warden.

### No. 503, Original.

Circuit Court of Appeals, Eighth Circuit.

Sept. 20, 1940.

No appearances.

Before SANBORN, WOODROUGH. and THOMAS, Circuit Judges.

### PER CURIAM.

Pat Duggan has applied for a writ of habeas corpus, alleging that he is confined under state process in the Nebraska penitentiary and that his detention is unlawful. He presents that an information was filed against him in Perkins County, Nebraska, for incest committed in that county, and that upon his plea of guilty the sentence of imprisonment for the term of twenty-five years was imposed upon him by the district judge sitting in chambers in Red Willow county, Nebraska. He contends that under the relevant Nebraska statutes the court sitting in Red Willow county was without jurisdiction, no change of venue having been applied for or ordered in Perkins county, and that the sentence was therefore a nullity. Certified copies of the information, the proceedings had upon the plea and the sentence are incorporated in the petition for the writ. It also appears from the petition that Duggan petitioned the state district court in Lancaster county, where the penitentiary is located, for a writ of habeas corpus, alleging invalidity of the sentence, and that court, after hearing, denied it. That appeal was prosecuted to the supreme court of the state and the supreme court "examined the transcript from the district court of Lancaster county, heretofore filed herein by appellant, and having found that no probable error appears therein, and that the appeal herein is without merit", denied a motion for "hearing on the record without briefs" and subsequently dismissed the appeal under its rules.

Perkins county and Red Willow county are in the fourteenth judicial district of Nebraska, and Honorable Charles E. Eldred was the judge of the district at the time the proceedings against petitioner were had. When petitioner was brought before him, the judge inquired of petitioner whether he desired counsel and whether he

---

desired to plead at that time and place, and the voluntary plea was accepted. It is apparent that petitioner was not deprived of due process of law or of any substantial right. Whether the district judges in Nebraska may accept pleas of guilty in counties in their respective circuits other than the counties where the accusations are pending is a question of state procedure within the knowledge of the state courts. Both the district court of Lancaster county and the supreme court having ruled that there was no invalidity in the sentence on account of the place where the district judge pronounced it, this court will not undertake to review the ruling. The petition presents no probable grounds for issuance of a writ of habeas corpus and is without merit.

Dismissed.