**CANADA v. JONES, Warden.**

**No. 13741.**

United States Court of Appeals
Eighth Circuit.

Nov. 17, 1948.

Jack M. Pace, of Lincoln, Neb. (appointed by Court), for appellant.

Walter R. Johnson, Atty. Gen., and Walter E. Nolte and C. S. Beck, Asst. Attys. Gen., of Nebraska, for appellee.

Before THOMAS, JOHNSEN, and COLLET, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant is an inmate of the Nebraska State Penitentiary, under an indeterminate sentence of 8 to 15 years, imposed on his plea of guilty to a charge of having embezzled $61,978.35 of public funds as county treasurer of Gosper County, Nebraska. He was counseled and represented in those proceedings by an attorney engaged for him by the members of his family. He now contends that the proceedings were void, as being violative of due process under the Fourteenth Amendment, and seeks release through the federal courts on habeas corpus.

The District Court issued a writ, appointed counsel to represent appellant, held

a full hearing on his contentions, found against him on their merits, dissolved the writ issued, executed a certificate under 28 U.S.C.A. § 466 [now § 2253] of the existence of probable cause for an appeal, and granted him leave to prosecute the appeal in forma pauperis. This Court in similar vein authorized the appeal to be heard on typewritten record and typewritten briefs and appointed counsel to represent appellant here.

Appellant had previously sought habeas corpus from the federal courts but his right to have a writ issued at that time was denied on the ground that he had not then exhausted his state remedies. Canada v. Jones, 8 Cir., 160 F.2d 811, certiorari denied 332 U.S. 778, 68 S.Ct. 43, 92 L.Ed. ——. He thereafter made separate applications to the state courts for a writ of habeas corpus and a writ of error coram nobis, but in each instance his petition was dismissed by the trial court on its face. The Nebraska Supreme Court affirmed the judgment in the habeas corpus case,[1] and certiorari was denied, 332 U.S. 819, 68 S. Ct. 147, 92 L.Ed. ——. His attempt to have an appeal docketed in the coram nobis case in the Nebraska Supreme Court without prepayment of fees, under affidavit of poverty, was denied. No application for certiorari was made in that case to the United States Supreme Court.

The District Court treated the aggregate of these efforts as a sufficient practical exhaustion by appellant of his state remedies to entitle a federal court to exercise jurisdiction to issue a writ and grant a hearing on the constitutional violations claimed. Incidentally, the Attorney General of Nebraska does not make the contention here that state remedies were not sufficiently exhausted to make it proper for the federal courts to entertain jurisdiction. Nor in view of the recent case of Wade v. Mungo, 334 U.S. 672, 679–682, 68 S.Ct. 1270, 1274, 1275, 92 L.Ed. ——, would we have the right to say that the District Court abused its discretion of power or propriety in entertaining jurisdiction in the particular situation. It seems clear that appellant has gone as far in the Nebraska courts, in attempting to get them to adjudicate the merits of his federal claims, as he is able, and as those courts will permit him to go, in his financial situation. And it further seems rather improbable that the United States Supreme Court would have undertaken to consider the merits of his constitutional claims on an application for certiorari in the coram nobis case, if one had been made, in view of the uncertain scope of that remedy in Nebraska and of the further fact that an element of state practice would be involved in the Nebraska Supreme Court's refusal to authorize the case to be heard and disposed of before it in forma pauperis. We therefore shall treat the case as being entitled to be reviewed here on the merits of the questions which the District Court decided.

The bases of appellant's claims of violation of due process are (1) that no jurisdiction existed in the state court to convict and sentence him because the information was not signed, verified and filed by the regular county attorney of Gosper County, Nebraska, but by an acting county attorney; (2) that the proceedings upon which his conviction and sentence rested were void because they were had in Red Willow County, Nebraska, instead of Gosper County, Nebraska, where the crime was committed, without the taking of the steps prescribed by the Nebraska statutes

---

[1] On his appeal, appellant asked leave of the Nebraska Supreme Court to file typewritten briefs, but his request was denied. The Court thereafter entered the following order: "This cause coming on to be heard on appeal * * *, the same being reached in its regular order and no (printed) briefs appearing on file as required by the rules of the Court, it is by the Court ordered that the judgment * * * be, and hereby is, affirmed at the costs of appellant * * *."

De Bolt v. McBrien, 96 Neb. 237, 147 N. W. 462, says of such an affirmance: "In the practice of this court, the order affirming the judgment of the lower court for want of briefs is considered as final and conclusive as a judgment upon briefs and oral argument * * *."

The record shows also that appellant later made application to the Nebraska Supreme Court for a writ of habeas corpus as a matter of original jurisdiction and that this application was denied.

for effecting a change of venue; (3) that the information itself was so lacking in clarity and detail as to be incapable of supporting a conviction and sentence; and (4) that the prosecuting attorney had deliberately and fraudulently included in the charge of the information, and permitted to be used as a basis for conviction and sentence, acts of embezzlement which he knew were barred under the Nebraska statute of limitations. The district judge indicated, in the statement which he made at the close of the hearing, that it was the last of these contentions particularly which had prompted him to issue the writ and grant a hearing. Appellant had also interspersed in his petition expressions and innuendoes of duress and lack of the effective assistance of counsel, but his own evidence conclusively demonstrated that these were simply loose and irresponsible verbalities.

█ On appellant's first contention, the evidence showed that the regularly elected county attorney of Gosper County, Nebraska, had entered the military service of the United States without resigning from his office, and that the Board of County Commissioners had appointed an acting county attorney to perform the duties of the office during his absence or until the expiration of his term. This procedure was specifically authorized by Neb.Rev.St.1943, § 32-1602, and it was provided that "The acting officer so appointed shall qualify for such office in the (regular) manner provided by law * * *." The acting county attorney involved had qualified in the manner required by statute but, even if he had not done so, his prosecutorial status in the case could not under Nebraska law have been collaterally attacked. State ex rel. Gossett v. O'Grady, 137 Neb. 824, 291 N.W. 497; Thompson v. O'Grady, 137 Neb. 641, 290 N.W. 716, certiorari denied 311 U.S. 645, 61 S.Ct. 9, 85 L.Ed. 411. Appellant does not attempt to point out how any of this could possibly violate any fundamental right of his as an accused, but he merely asserts that it does. So clearly as not to require discourse, the Fourteenth Amendment does not prevent a State from making provision for the appointment of an acting prosecuting attorney to perform the duties of a regular prosecuting attorney in such general situations as it deems this necessary or desirable. And certainly, it is impossible to conjure up even the minutest element of legal unfairness to an accused in a statute which merely permits an acting county attorney to be appointed to carry on the duties of the regular incumbent while the latter is in military service.

On appellant's second contention, the evidence showed that after he had been bound over to the district court, on his plea of guilty to the preliminary complaint in the county court, he expressed the desire to his own attorney and to the acting county attorney to enter a plea of guilty in the district court as soon as possible and receive his sentence. He at all times admitted his embezzlement of $61,978.35 of county funds, after the state auditors in examining his office had found that a large number of checks which he had been carrying as cash were forged or fictitious. The district court was not then in session in Gosper County, but the judge was at chambers in Red Willow County, another county of the judicial district. Neb.Rev.St.1943, § 24-317, provides that "A judge of the district court may sit at chambers anywhere within his district, and * * * shall have power to * * * (10) receive a plea of 'guilty' from any person charged with a felony, and pass sentence thereon, upon ten days' notice to the prosecuting attorney * * *."

Twenty-seven days after he was bound over to the district court from the county court, and twenty-one days after the information against him was filed in the district court, appellant, with his attorney and members of his family, appeared before the district judge at his chambers in Red Willow County and submitted a request in writing, signed by appellant personally, for permission to plead to the information at chambers in that county. The acting county attorney also was present and consented to the receiving of the plea and the imposing of sentence at chambers.

The evidence in the record established, and the District Court expressly found,

that appellant voluntarily and knowingly had signed the request in the state court for permission so to plead; that this course had been determined upon after full consultation between appellant and his counsel and with knowledge on the part of both of them of all the facts involved in the charge against appellant; that among the considerations which prompted them to adopt the course were the desire to avoid the possibility of any local feeling developing against appellant, which might influence the extent of his sentence or might result in opposition by the taxpayers and officers of Gosper County to any attempt on his part subsequently to get the state parole board to consider an application for parole, as well as the hope that his attitude in thus pleading and not delaying his commitment might induce the court to some leniency and to grant him an indeterminate sentence instead of a definite term, so that his position to make subsequent application for parole would be that much more favorable; and that the state district judge, before he accepted the plea, made careful inquiry of appellant and his counsel to satisfy himself that the plea was being made at chambers by appellant's own wish, with knowledge of all his rights in the situation, and with willingness to accept such consequences as the court might impose in the course that he had chosen.

In permitting appellant thus to plead at chambers in Red Willow County and in sentencing him, the district judge, under Nebraska law, was acting as judge of the District Court of Gosper County and not as judge of the District Court of Red Willow County, as appellant now contends. Duggan v. Olson, 146 Neb. 248, 19 N.W. 2d 353. The Duggan case involved the same legal situation and contention as are presented here. A plea of guilty was accepted at chambers in Red Willow County to a charge pending in the District Court of Perkins County, and in answer to the contention subsequently made on habeas corpus, that the sentence was void because the District Court of Red Willow County had no jurisdiction, the Nebraska Supreme Court said, 19 N.W.2d at page 356: "There was, in fact, no transfer of his prosecution to the district court for Red

Willow county. The case remained at all times in the district court for Perkins county."

▮▮▮ There is therefore no merit in appellant's contention here that the proceedings had in Red Willow County were void because there had been no compliance with the requirements of Neb.Rev.St. 1943, §§ 29-1301, 29-1302, relating to a change of venue in the trial of criminal cases. These requirements have no application to the receiving of a plea of guilty and the imposing of a sentence thereon, at chambers. And since a state district judge has jurisdiction under Nebraska law to receive a plea of guilty and impose a sentence at chambers in a felony case, no violation of due process can possibly exist in allowing an accused voluntarily and knowingly, and on his own written request, to avail himself of this procedure. We have previously so held in Duggan v. O'Grady, 8 Cir., 114 F.2d 561, and we reaffirm the holding.

▮▮▮ Appellant's third contention that the information filed against him was so lacking in clarity and detail as to be incapable of supporting a conviction and sentence is legally frivolous. The information charged, in the general language of Neb.Rev.St.1943, § 28-543, that beginning on or about February 1, 1942, and continuously thereafter to and including January 18, 1945, appellant, as county treasurer of Gosper County, Nebraska, had converted to his own use and embezzled, in the county, $61,978.35 of public money, belonging to the county, which had come into and was at the time involved in his custody and possession as county treasurer, being a portion of the public money received, controlled, and held by him for safekeeping, transfer and disbursement as such county treasurer. Clearly, even as against a direct attack, this would be sufficient to advise appellant of the general charge against him and to protect him in res judicata against any subsequent prosecution for the same offense. Any additional information which he might have desired would have had to have been sought by a timely motion for a bill of particulars. Under Nebraska law, an information which describes the offense in the language of the statute,

shows venue in the county where the prosecution is brought, and sets out a time that is within the statute of limitations, is in general sufficient to give the court jurisdiction over the charge. Sedlacek v. State, 147 Neb. 834, 25 N.W.2d 533, 169 A.L.R. 868. And on habeas corpus, a federal court will not examine an information or indictment further than to see that it affords a jurisdictional basis for the conviction and sentence. Jones v. Pescor, 8 Cir., 169 F. 2d 853; Meeks v. Kaiser, 8 Cir., 125 F. 2d 826.

On appellant's fourth contention, the evidence showed that the sum of $61,978.35, charged as having been embezzled between February 1, 1942, and January 18, 1945, was the total amount of the official shortage at the time that appellant resigned, following the discovery of his wrongdoings by the state auditors, for which he was unable to account to his successor. The evidence also showed, however, that he had begun his peculations back in 1938 and had continued to take money from time to time thereafter prior to the dates alleged in the information. Some of this earlier money was admittedly returned on occasion as his speculations and investments were liquidated, but he was unable to establish the time or the amounts of these returns. There was proof, however, of the sum of $15,500 having been taken by him and used for speculations and investments prior to February 1, 1942. Even if it were assumed that no part of this amount had been returned, he was by his own admission on the present hearing guilty of embezzling more than $46,000, at least, subsequent to February 1, 1942. And it apparently was the acting county attorney's theory and belief that whether the $15,-500 had initially been taken prior to February 1, 1942, or not, appellant was still legally guilty of the offense of embezzling that sum, as well as the rest of the $61,-978.35, during the time set out in the information; that the dates on the forged and fictitious checks which he used at the time of the examination to cover up his defalcations, all of which were within the period covered by the information, would in the eyes of the law be prima facie proof of the time of the shortages which they were designed to cover; and that in any event, no matter when the initial taking of some part of the money might have occurred, there was a continuing offense of embezzlement as to the whole sum, down to the date of the discovery, in that, according to appellant's story, he had from the start used spurious checks made payable to the county to cover his withdrawals, had periodically replaced these checks with others in order to make the paper appear bankingly current, and had represented to the auditors, whenever an examination was made, that all of the checks carried were cash items and had been received by him as valid exchange.

■ The District Court specifically found, and legally the evidence amply supports the finding, that "The county attorney entertained the opinion that embezzlement of the sums mentioned during the period described in the complaint could be proved against the petitioner." Whether the acting county attorney was correct or not in his theory and judgment is immaterial here. As against appellant's contention, it is sufficient that there was no wilful and oppressive abuse of the powers of his office as prosecutor in making the charge. The finding of the trial court leaves appellant no basis to contend that the prosecutor deliberately and fraudulently included in the charge of the information, and permitted to be used as a basis for conviction and sentence, acts of embezzlement which he knew were barred by the Nebraska statute of limitations.

The absence of any wrongful oppression was additionally established by the trial court's further finding that "the petitioner was aware of the possibility of contending that some of his acts had occurred prior to the time stated in the information at the time that he determined to plead guilty in in the District Court, and at the time of his plea." The evidence conclusively showed that, for purposes of his plea and sentence, appellant knowingly, advisedly, without coercion, and with no attempt on the part of the prosecutor to take advantage of him, chose to accept and be bound by the theory of the prosecutor that legally he had committed embezzlement of the full sum of $61,978.35 within the period

charged in the information. He did so with the full advice of counsel of competence and standing and in a court room atmosphere of meticulous judicial solicitousness for his rights and his understanding of them.

The record shows nothing in any part of the proceedings by which appellant has been incarcerated that is in any way violative of due process under the Fourteenth Amendment. Any attempt by a federal court to release him on the grounds which he asserts would be an abuse of judicial power.

Affirmed.