STATE of North Dakota ex rel. Daniel Q. POSIN, Baldur Kristjanson, Cecil B. Haver, and William B. Treumann, Petitioners,

v.

STATE BOARD OF HIGHER EDUCATION, Respondent.

No. 7532.

Supreme Court of North Dakota.

Dec. 5, 1955.

Philip R. Bangs, Grand Forks, for petitioners, Haver, Kristjanson and Treumann.

J. F. X. Conmy, Bismarck, for petitioner, Posin.

Conmy & Conmy, Fargo, for respondent.

BURKE, Chief Justice.

The relators were discharged as members of the faculty of the Agricultural College by the Board of Higher Education after a hearing before, and upon the recommendation of, the college "Advisory Committee". They invoke the original prerogative jurisdiction of this court to secure a review of the action of the Board upon a writ of certiorari. As a basis for such review they allege that in ordering their discharge the Board acted in excess of its jurisdiction and that the rights of the public, the sovereignty of the state and its rights and franchise are directly affected by the Board's order.

The original jurisdiction of this court "will not be exercised to vindicate private or local rights regardless of their

importance, but it is reserved for the use of the state itself when it appears to be necessary to vindicate or protect its prerogatives or franchises or the liberties of its people." State ex rel. Linde v. Taylor, 33 N.D. 76, 83, 156 N.W. 561, 563, L.R.A. 1918B, 156.

"Before the court will, in the exercise of its original jurisdiction, issue prerogative writs, there must be presented matters of such strictly public concern as involve the sovereign rights of the state, or its franchises or privileges. The often quoted statement of the rule as to the original jurisdiction of the Supreme Court to issue writs of a prerogative character, as given in Attorney General v. City of Eau Claire, 37 Wis. 400, is well expressed and clear: 'To warrant the assertion of original jurisdiction here, the interest of the state should be primary and proximate, not indirect or remote; peculiar, perhaps, to some subdivision of the state, but affecting the state at large in some of its prerogatives; raising a contingency requiring the interposition of this court to preserve the prerogatives and franchises of the state in its sovereign character.' This statement of the rule has been approved in many cases in this court". State ex rel. Steel v. Fabrick, 17 N.D. 532, 536, 117 N.W. 860, 862, quoted with approval in State ex rel. Linde v. Taylor, 33 N.D. 76, 83, 156 N.W. 561, L.R.A.1918B, 156.

■ The relators were members of the faculty at the Agricultural College. As such they were not public officers but only employees of the Board of Higher Education. Gottschalck v. Shepperd, 65 N.D. 544, 260 N.W. 573. The relationship between them and the Board was one of contract only. Gottschalck v. Shepperd, supra. The review sought can therefore be only for the purpose of determining whether the Board breached its contract with the relators and whether they are entitled to reinstatement.

We think it clear that the rights sought to be vindicated are primarily private in character. The issues involved do not in any way affect the State in its sovereign capacity as they relate only to the construction of contracts made by one of its administrative boards.

The relators have not brought any public injury to the attention of the court which justifies the exercise of original jurisdiction. Meyers v. Bertsch, 60 N.D. 127, 234 N.W. 513. The writ is therefore denied.

MORRIS, JOHNSON, SATHRE, and GRIMSON, JJ., concur.