STATE of North Dakota ex rel. Donald R. HOLLOWAY, Securities Commissioner, and Gilbert W. Ellwein, State Examiner of the State of North Dakota, Plaintiff and Appellee,

v.

FIRST AMERICAN BANK & TRUST COMPANY, a Domestic Corporation, Defendant,

and

Robert M. Hart, a/k/a R. M. Hart, et al., Defendants and Appellants.

Civ. No. 9262.

Supreme Court of North Dakota.

Jan. 6, 1977.

Frank F. Jestrab, Williston, for plaintiff and appellee State of North Dakota on behalf of relators Holloway and Ellwein.

Frederick E. Saefke, Jr., Bismarck, for defendants and appellants.

VOGEL, Acting Chief Justice.

This is another appeal involving the tangled affairs of First American Bank & Trust Company (hereinafter First American), now in receivership. The most recent appearances in our court have been reported as *First American Bank & Trust Co. v. George*, 239 N.W.2d 284 (N.D.1976), and *First American Bank & Trust Co. v. Ellwein*, 221 N.W.2d 509 (N.D.1974). Prior appearances in this court are noted in those opinions.

This appeal arose after the district court dismissed an action brought by Holloway as Securities Commissioner and Ellwein as State Examiner (hereinafter called State officials) against First American and against its officers and directors individually. The district court likewise dismissed a counterclaim brought by First American and the individual officers and directors

against the two State officials. It also assessed, against the individual defendants only, costs of approximately $7,000 for fees of a referee-accountant which had been paid into court under a court order by First American and the State, $3,500 each. In other words, it required the individual officers and directors, jointly and severally, to reimburse the full amount of the fees of the referee-accountant.

The original action was commenced in 1970. The district judge denied a motion for a temporary injunction. The motion was renewed in the Supreme Court. We denied the motion, but directed the expeditious trial of the action. We are not informed of the reasons for subsequent delay, except that each side apparently blames the other. At any rate, events occurring elsewhere took center stage. Administrative proceedings, frequently interrupted by legal proceedings and appeals, resulted in the determination that First American was insolvent and in the appointment of a receiver.

The dismissal of the complaint of the State officials and of the answer and counterclaim of First American and its officers and directors was made upon the motion of the State officials, joined in by the attorney for the receiver.

Four questions are presented to us:

1. Whether the allegations of the complaint, not including solvency, have been determined in the separate proceedings conducted by the State Banking Board and affirmed by this court in *First American Bank & Trust Co. v. Ellwein, supra* ;

2. Whether the counterclaim states a cause of action which has not been determined in such proceedings;

3. Whether the counsel for the receiver may act as attorney for First American without notice to First American of the substitution; and

4. Whether the court properly assessed the costs of the referee-accountant against the individual defendants.

We answer the first three questions in the affirmative, and remand for trial or other disposition of the counterclaim and

ultimate determination of the question of liability for the costs.

## DISMISSAL OF COMPLAINT

■ We have examined the 128 findings of fact, 78 conclusions of law, and order of the State Banking Board dated December 11, 1972, and have compared them with the allegations of the complaint in the case before us. We conclude that the trial court properly decided that the issues in the complaint have been decided adversely to First American and the individual officers and directors. Those findings were affirmed on appeal in *First American Bank & Trust Co. v. Ellwein, supra.* We affirm the dismissal of the complaint.

## DISMISSAL OF COUNTERCLAIM

We have made a similar comparison between the order of the State Banking Board and all the allegations of the counterclaim, as it relates to the individual officers and directors. We conclude that while some of the allegations are disposed of by the administrative proceedings and the subsequent appeal, not all of them are. For example, although not using the word "malice," the counterclaim can be read to allege a concerted plan to defame and destroy the business of the individual defendants, as well as First American, and that such acts were not privileged or, if qualifiedly privileged, exceeded the protection allowed by such privilege. Slander also is alleged. None of these matters were disposed of in prior proceedings.

■ We conclude that some of the issues raised state causes of action against the State officials as individuals, and that these issues were not decided in the administrative proceeding or subsequent appeal.

The State officials assert that they are quasi-judicial officers not subject to suit, citing *Kittler v. Kelsch*, 56 N.D. 227, 216 N.W. 898 (1927), and *Gottschalck v. Shepperd*, 65 N.D. 544, 260 N.W. 573 (1935).

In the former case this court, by a vote of three to two, held that a State's Attorney acted as a quasi-judicial officer in signing a

criminal complaint and could not be sued for malicious prosecution, regardless of motive. The rule it stated was:

". . . if the officer acts entirely without jurisdiction he is liable, but if there is an excess of jurisdiction, or if there is a question of jurisdiction which the officer must decide, then and in such case he is not liable even though he should decide wrongly in holding that he had jurisdiction when in fact he had none." *Kittler v. Kelsch, supra*, 216 N.W. 898, at 900.

The *Gottschalck* case involved a suit by a discharged professor against the president of a State college and the State Board of Administration for damages, alleging wrongful discharge. This court carefully pointed out that the suit did not seek a review of the action of the board or reinstatement of the plaintiff as professor, nor was it an action to recover salary under a theory of breach of contract, nor was defamation alleged. It reaffirmed the holding of *Kittler v. Kelsch, supra.*

As we view it, neither of these decisions is determinative of the issues involved in the counterclaim before us. The two State officials here involved may be immune from suit, but a determination of that question will require the taking of evidence.

Whether the accusations against the State officials are true, whether there was a privilege (absolute or qualified), whether the allegedly defamatory statements were made, whether if made they were privileged, and whether they were so irrelevant or extraneous or intemperate as to lose any qualified privilege [see *Emo v. Milbank Mutual Insurance Co.*, 183 N.W.2d 508 (N.D. 1971)], are all matters which we cannot decide on the record before us.

It may be that the counterclaim states a cause of action under one or more other varieties of tort, such as malicious interference with business. See *Fox v. Higgins*, 149 N.W.2d 369 (N.D.1967).

## SUBSTITUTION OF ATTORNEYS

When a corporation is placed in receivership and a receiver is appointed, any contract it may have with its attorney is terminated. *Bank v. Bryan*, 76 W.Va. 481, 86 S.E. 8 (1915). The receiver, subject to the approval of the court appointing him, may retain his own attorney.

The attorney for the receiver was acting properly in joining in the motion to dismiss the complaint and the counterclaim.

## ASSESSMENT OF COSTS OF REFER-EE–ACCOUNTANT TO INDIVIDU-AL OFFICERS AND DIRECTORS

The fees for the referee-accountant were deposited, pursuant to court order, by First American and by the State. The amounts contributed by each eventually came to $3,500, or a total of $7,000. The propriety of this procedure, under Rule 53, N.D.R. Civ.P., is not questioned.

What is questioned is the ultimate order requiring the individual officers and directors to repay these sums. The officers and directors point out that the action was dismissed at the request of their opponents, who therefore cannot claim to have prevailed. Costs ordinarily are assessed in favor of winners and against losers, not in favor of plaintiffs who obtain a dismissal without prevailing. See Rule 54, N.D.R. Civ.P.

However, distribution of costs of referees, and the like, "shall be charged upon such of the parties or paid out of any fund or subject matter of the action which is in the custody and control of the court as the court may direct." Rule 53(a), N.D.R.Civ.P.

Without deciding the ultimate distribution of the costs, which must be assessed against someone, we remand this issue to the trial court, since the counterclaim of the individual defendants must be disposed of, and the distribution of the costs may be dependent in part upon that disposition.

## CONCLUSION

We reverse for disposition of the counterclaim and the distribution of the costs after that disposition is made.

The counterclaim to be disposed of is that of the individual officers and directors only, not that of First American. First American, acting through the attorney for the receiver, joined in the motion for dismissal of both the complaint and its own counterclaim, as well as the counterclaim of the individual officers and directors. It did not appeal, and it is bound by the order made by the district court.

Our remand for trial or other disposition of the counterclaim of the individual officers and directors indicates no opinion as to the merits or probable success of that counterclaim.

The dismissal of the complaint and of the counterclaim of First American is affirmed; the dismissal of the counterclaim of the individual officers and directors is reversed and the matter is remanded for further proceedings; and the assessment of costs, including the costs of reference, is reversed and remanded for ultimate determination upon the final disposition of the action.

Jurisdiction over First American will be retained for the purpose of its participation in the proceedings relative to costs only.

PEDERSON, J., and O'KEEFE, BEEDE and HATCH, District Judges, concur.

O'KEEFE, BEEDE and HATCH, District Judges, sitting for ERICKSTAD, C. J., and PAULSON and SAND, JJ., disqualified.