(89 N.W. Rep. 325)

---

DULUTH ELEVATOR CO. *vs.* FRANK WHITE, *et al.*
IN RE DULUTH ELEVATOR CO.

---

### Taxation—Certiorari—Mistaken Remedy—Not Proper Forum.

The plaintiff is the owner of certain grain elevators and warehouses situated in various counties in this state, and against which a tax, or a pretended tax, has been assessed for the year 1901 and spread upon the county tax records of said counties. As grounds for its application to this court for a writ, plaintiff alleges, in substance, that certain action was taken by the state board of equalization at its annual session in the year 1901, which action plaintiff alleges was illegal and of such a nature as to render the tax upon plaintiff's property wholly void. As a means of annulling said tax and defeating its collection, plaintiff prays for the issuance of said writ out of this court to bring up the record of the action of the state board at its said session of 1901, the attorney general of the state appearing in opposition to the motion. The application is denied, upon the sole ground that in applying to this court for the writ the plaintiff has mistaken its remedy, and is not in the proper forum.

### Private Rights, only, Involved—District Court Adequate.

The question presented in the moving papers for determination involves only private rights, i. e., the individual rights of a taxpayer seeking to cancel an illegal tax. The district court is adequate to afford full relief in such cases.

### Jurisdiction of Supreme Court.

In this case the writ is not sought in aid of the appellate jurisdiction of this court, nor as a means of exercising supervisory control over any inferior court of this state; and in such cases the writs enumerated in section 87 of the state constitution will not, under established practice, issue out of this court otherwise than as prerogative writs, viz., in habeas corpus cases and in cases publici juris affecting the sovereignty of the state, its franchises and prerogatives, or the liberties of its people, and in such cases this court will, upon the application, judge for itself whether the wrong complained of is one which demands the interposition of this court, and leave to issue the prerogative writ should in such cases be applied for by the attorney general.

Application of the Duluth Elevator Company for a writ of certiorari to Frank White and others, members of the board of equalization. Writ denied.

*Tracy R. Bangs,* for plaintiff.

*O. D. Comstock,* Atty. Gen., for defendants.

WALLIN, C. J. In this proceeding application was made in plaintiff's behalf to the Honorable N. C. Young, a judge of this court, in vacation, to issue the writ of certiorari. The judge to whom the application was made denied the application to issue the writ without notice and a hearing, but plaintiff's counsel was given leave to make his application to the court upon notice of not less than 10 days given to the state auditor and the attorney general; whereupon, such notices having been given, the application to issue the writ came on to be heard before this court at a session which convened at Fargo on the 25th day of March, 1902, said counsel for both parties being present at the hearing.

The written motion for the writ is as follows: "Now comes the Duluth Elevator Company, plaintiff above named, by its attorney, Tracy R. Bangs, and, upon the affidavit of K. R. Guthrie, hereto attached, moves the court that a writ of certiorari do issue herein commanding the state board of equalization of the state of North Dakota to certify fully to this court at a specified time and place, and annex to said writ a transcript of the record of the proceedings of the said board had at the session of said board commencing on the 6th day of August, 1901, and terminating on the 15th day of August, 1901, together with the statement of the aggregate valuation of all real and personal property in the said state of North Dakota, as returned by the county auditors of the respective counties of said state to the state auditor in the said year 1901, that the same may be reviewed by the court. Dated, Grand Forks, No. Dak., March 6th, 1902." The grounds of the application are contained in an affidavit made by the general manager of the plaintiff, together with a copy of the record of the proceedings of the state board of equalization had at a session thereof which convened at the office of the state auditor on the 6th day of August, 1901.

It has become unnecessary, in the view taken of the case by this court, to detail the grounds of the application for the writ, as such grounds are set forth in the motion papers, further than to state that it appears that the plaintiff corporation is a taxpayer in this state, and that it owns and operates a number of grain elevators and warehouses, which are situated in various counties in this state; that the defendants collectively constitute the state board of equalization, and that said A. N. Carlblom is and was at said session the secretary of said board, and that the defendants were assembled and acted together as a board at said session thereof; that said Carlblom, as such secretary of the board, proceeded to certify the result of the action taken by said board at said session to the several county auditors of

the state, and that the county auditors, pursuant to such certification, have severally extended the tax upon their tax duplicates in con-formity with the action of the state board as embodied in the said certification of its secretary.

Said affidavit further sets out, in substance, that said state board, at its session in August, 1901, did not confine its action to a discharge of its statutory duties as a state board of equalization, but on the contrary, radically departed from its province and duty as a board of equalization, and proceeded unlawfully and in excess of its powers, and in manner and form as set out in the affidavit, to reassess and revalue the property of the state and increase the valuation of numerous classes of property, with which the board dealt separately and unlawfully, and that such reas-sessment and increase was made, not to produce uniformity of valu-ation as between counties, but was done as a means of enlarging the aggregate valuation of the property of the state as a basis of taxation; that said board of equalization, by its said action at said session in 1901, unlawfully raised the valuation of the property of the state for purposes of taxation to an amount exceeding $8,000,000 in excess of its proper aggregate value, as officially fixed by the several taxing officers and boards whose duty it is to officially value the property of the state for purposes of taxation; and that such unlawful action of the state board being certified to the several county auditors of the state, has had the result of unlawfully spreading upon the tax lists in all the counties of the state an unlawful tax, and that the said action of the state board resulted in an apparent tax upon said elevators and warehouses of the plaintiff, which tax is unlawful; and, upon the assumption that the action complained of was unlawful and without jurisdiction, the plaintiff asks that the writ of certiorari be issued to bring up the record of the action of the state board at its said session, with a view to the annulment of said alleged unlawful action which led up to the tax complained of. At the hearing before this court the entire matter was considered upon its merits, there being no sub-stantial dispute as to any of the controlling facts of the case.

Something was said by counsel upon the oral argument as well as in their briefs as to the proper parties to a controversy such as this, the attorney general contending that the state should be made a party, while counsel for plaintiff insisted that the matter involved was simply a private controversy, in which a single taxpayer is endeavoring to re-sist and annul an unlawful tax assesed against its property. We fully agree with plaintiff's counsel as to this proposition. The controversy is not one in which the state, as such, is a party in interest. In this case the state can have no other or different interest than it has in any other case in which a taxpayer is seeking to defeat the unlawful action of taxing officers or boards and thus defeat an unlawful assessment upon his individual property. In such a controversy the statute in terms declares that the state need not be joined as a party plaintiff. Rev. Codes 1899, § 6096. In this case the plaintiff, as a result of this proceeding, asks only that the tax upon its property be canceled, and

does not even assume or ask to champion the cause of any other tax-payer. We further agree with plaintiff's counsel that the manager of the plaintiff was, as plaintiff's representative, qualified to make the affidavit in behalf of the plaintiff, the party beneficially interested.

There was also some discussion as to the plaintiff's right to have recourse to the writ of certiorari as a remedy for the grievance complained of, and it was contended that plaintiff is not entitled to the writ, because it has a plain, speedy, and adequate remedy at law by means of a civil action. We regard this question as being fairly debatable, especially in this jurisdiction; but inasmuch as we are clear that the application must be denied upon an independent ground, we shall refrain from passing upon this point in the present case. Nevertheless, we are constrained to observe, in passing, that we do not see clearly how the plaintiff would derive any practical relief from a decision in its favor, if one could be made in this court in this proceeding. The state board completed its action in August, 1901, and the result of its action was promptly certified to the several county auditors, and the tax of 1901 was long ago spread upon the tax duplicates, and has long since been in process of collection. In fact it was admitted on the argument that more than 70 per cent. of that assessment has already been paid by the taxpayers of the state. In the nature of the case the state board, having completed its work for the year 1901, can take no further action respecting the taxes of that year, and if this court, by its judgment, should vacate and declare void its action, we fail to see how such judgment would be of practical value to the plaintiff. Such judgment would not, of course, be of binding force upon any tax collector, none of whom are parties to this proceeding. It would follow in the supposed case that further judicial proceedings would be necessary. In order to obtain practical relief we think it would be necessary to proceed against the taxing officers, who have possession of the taxing records, and especially against the collectors in the counties in which the plaintiff's property was taxed, and where the obnoxious tax records may be found. But, as already stated, the decision of the case at bar will turn upon an independent matter, and to this, the controlling feature of the case, we will now give our attention.

We have reached the conclusion that the application for the writ must be denied, and we shall place this ruling upon the ground that in applying to this court for relief in the first instance the plaintiff's counsel has mistaken his remedy. The supreme court of this state, under the state constitution, as repeatedly construed by this court, is not a proper tribunal for the initiation of causes involving only matters of mere private right. As has been shown, the plaintiff complains of an alleged unlawful tax upon its property, and in seeking the writ of certiorari the plaintiff's ultimate object is to annul the tax and thereby avoid its payment. The cause of action of the plaintiff therefore consists of an alleged unlawful invasion of the rights of the plaintiff, and the relief sought can go no further than to protect the rights of the plaintiff as an individual taxpayer. Actions for this purpose

are very frequently instituted in the district courts of this state, but we think this is the first case ever atemped to be brought in the supreme court of the state for the sole purpose of relieving a taxpayer from the burden of an unlawful tax. The case is therefore important as a precedent, inasmuch as we know of no reason why any taxpayer of the state may not begin proceedings in this court for the annulment of an obnoxious tax, if the present proceeding can be upheld. But we have no difficulty, in the light of former adjudications, in reaching the conclusion that this proceeding cannot be sustained. It is true that under the provisions of section 87 of the state constitution this court has power to issue certain enumerated writs, among which is the writ of certiorari, and to hear and determine the same; but it is likewise true that under section 103 of the same instrument the district courts and the judges thereof have jurisdiction and power to issue the same writs and to hear and determine the same. Both courts therefore being clothed with power to issue the several writs named, the question is presented whether it was the intention of the framers of the constitution to confer upon the supreme and district courts concurrent jurisdiction in all cases where remedies are sought through the medium of the writs enumerated in the constitution. This question has twice received very careful consideration at the hands of this court, and a construction has been placed upon the several provisions of the organic law which has been adhered to ever since this court has been in existence. Briefly stated, the conclusion reached was to the effect that the constitution makers did not intend to give concurrent jurisdiction to the two courts with respect to the writs in question, but on the contrary, it was the intention to require all suitors to apply to the district courts when these writs, or either of them, is sought as a means of enforcing strictly private rights or the redress of private wrongs. On the other hand, the cases already decided by this court clearly lay down the rule (except where the writs are sought for in aid of the appellate jurisdiction of this court, or in the exercise of its supervisory control over inferior courts) that the writs in question will issue only as prerogrative writs, and that in such cases the writs will not, as a rule, issue until leave therefor is granted upon the application of the attorney general of the state. What is meant by the phrase "prerogative writs" has been definitely stated and reiterated in the cases to which we refer, and which are cited below.

In the case of *State* v. *Nelson Co.*, 1 N. D. 88, 45 N. W. Rep. 33, 8 L. R. A. 283, 26 Am. St. Rep. 609, the governing rule was stated as follows: "When the information makes out a *prima facie* case the writ will issue only in cases *publici juris* and those affecting the sovereignty of the state, its franchises and prerogatives, or the liberties of its people. In such cases the court will judge for itself whether the wrong complained of is one which demands the interposition of this court." In the later case of *State* v. *Archibald*, 5 N. D. 359, 66 N. W. Rep. 234, the same question was involved, and was exhaustively considered by Corliss, J., who framed the opinion of the court. In the course of that opinion the rule as laid down in the *Nelson Co.*

*Case* was approved, and the court quoted with approval the language of the supreme court of Wisconsin, in construing the same constitutional provision, in the case of *Attorney General* v. *City of Eau Claire,* 37 Wis. 400. The Wisconsin court said : "It is not enough to put in motion the original jurisdiction of this court that the question is *publici juris;* it should be a question *quod ad statum republicae pertinet,*—one 'affecting the sovereignty of the state, its franchises or prerogatives, or the liberties of its people.' "

In the Archibald Case this court, in somewhat different language, again laid down the line of demarkation which separates prerogative cases, or cases of which this court will take jurisdiction, from other cases embracing only private controversies, and in which the original jurisdiction of this court cannot be invoked as a means of initiating a judicial controversy. In that case the distinction was stated as follows : "To warrant the assertion of original jurisdiction here, the interest of the state should be primary and proximate, not indirect or remote ; peculiar perhaps to some subdivision of the state, but affecting the state at large, in some of its prerogatives ; raising a contingency requiring the interposition of this court to preserve the prerogatives and franchises of the state, in its sovereign character ; this court judging of the contingency in each case for itself. For all else, though raising questions *publici juris,* ordinary remedies and ordinary jurisdictions are adequate."

In this case, as already shown, the plaintiff's counsel has assumed, and correctly so, from the beginning, that the question presented for determination involved only the private rights of an individual taxpayer. There is no claim, and cannot be, that any question in the case impinges upon the sovereignty of the state, its franchises or prerogatives, or the liberties of its people. In line with the plaintiff's theory there has been no application made in this court by the attorney general for leave to issue the writ of certiorari as a prerogative writ, nor is it claimed that application has been made to that officer for any such purpose. On the contrary, plaintiff's counsel has assumed that a suitor in a case involving only private rights may initiate a case in this court at any time, and on his individual application, and as a matter of strict right. In this counsel is in error and has mistaken his forum. The facts in this record remove the case a long distance from any debatable border line on which this court can hesitate or pause to determine whether it should not assume original jurisdiction and issue the writ. The record discloses no fact or feature which takes the case out of the category of cases involving mere private rights.

Our conclusion is that the application for the writ must be denied, and this court will enter its order accordingly. All the judges concurring.