The STATE of North Dakota, on the Relation of AMERADA PETROLEUM CORPORATION, a corporation, Plaintiff,

v.

The NORTH DAKOTA PUBLIC SERVICE COMMISSION, and Ernest D. Nelson, Anson J. Anderson and Martin Vaaler, Public Service Commissioners, Respondents.

The STATE of North Dakota, on the Relation of SIGNAL OIL AND GAS COMPANY, a corporation, Plaintiff,

v.

The NORTH DAKOTA PUBLIC SERVICE COMMISSION, and Ernest D. Nelson, Anson J. Anderson and Martin Vaaler, Public Service Commissioners, Respondents.

Nos. 7607, 7608.

Supreme Court of North Dakota.

Oct. 26, 1956.

---

Shaft, Benson & Shaft, Grand Forks, Robert J. Stanton, John S. Miller, Tulsa, Okl., for plaintiff Amerada Petroleum Corp.

E. A. Stebbings, Los Angeles, Cal., Strutz, Jansonius & Fleck, Bismarck, for plaintiff Signal Oil & Gas Co.

Charles L. Murphy, Commerce Counsel, Public Service Commission, Milton K. Higgins, Bismarck, for respondents.

SATHRE, Judge.

The issues in these cases are identical and by stipulation of the parties they were argued together. The relators have petitioned this court to exercise its original jurisdiction and to issue a writ of prohibition against the Public Service Commission prohibiting said Commission from carrying into effect a certain order of said Commission claimed to affect substantial rights of the relators.

The Public Service Commission is a constitutional body created by Section 82 of the State Constitution and consists of three elective members. Section 82 provided originally for the election of the three Railroad Commissioners. This Section was subsequently amended by Article 57 of the Amendments to the Constitution. This amendment provides for the election of three Public Service Commissioners. Said amendment provides further that "the board of railroad commissioners shall hereafter be known as the public service commission and the members of the board of railroad commissioners as public service commissioners and the powers and duties now or hereafter granted to and conferred upon the board of railroad commissioners are hereby transferred to the public service commission." Section 83 of the Constitution provides that the duties of the Railroad Commissioners shall be prescribed by law. The powers and duties of the Commission are defined in Title 49, NDRC 1943 and amendments thereto; and Section 49–0201, NDRC 1943 defines the extent of the general jurisdiction of the Commission and its regulatory powers over the public utilities of the State. The facts upon which these proceedings are based are substantially as follows:

During the year 1955 Montana-Dakota Utilities Company, a corporation, petitioned the Public Service Commission for a certificate of public convenience and necessity authorizing it to construct, maintain and operate a gas pipe line from Signal Oil and Gas Company's natural gas line near Tioga to Minot, North Dakota, by means of which it proposed to transport gas purchased from Amerada. In these proceedings Montana-Dakota asked in the alternative for a determination that no such certificate was required of it for the purpose indicated. In

the same proceedings Montana-Dakota further requested authority for serving certain communities between Tioga and Williston with natural gas and filed for commission's approval the rate schedule applicable to such proposed service.

After hearing, the Commission issued a certificate to Montana-Dakota subject to certain conditions, and Montana-Dakota appealed to the district court, fifth judicial district. Thereafter the Commission through its counsel appeared before that court and moved that the proceedings be remanded to it for the taking of further evidence. A remanding order was entered by the district court.

On May 7, 1956 the Commission entered a notice of resumed hearing and order, and caused the same to be served upon the relators. In this order the Commission found that Amerada and Signal were necessary and indispensable parties to the proceedings. It then ordered that they be made parties and that they appear at the resumed hearing which was to be held on June 5, 1956. By further order entered on May 15, 1956 the hearing was postponed to June 21, 1956.

The order of the district court remanding the proceedings to the Commission for the taking of further evidence is as follows:

"It is further ordered that the Signal Oil and Gas Company of Los Angeles, California and the Amerada Petroleum Corporation, of Oklahoma, licensed and duly authorized foreign corporations in the State of North Dakota, may be, pursuant to statute, and if the Public Service Commission should so order, made parties herein for the purpose of adducing such additional evidence as may be taken before the Public Service Commission, State of North Dakota consistent herewith."

The order of the Commission challenged by the relators herein affects only the relators. The Montana-Dakota is not a party to this proceeding.

The relators contend that they are in no sense public utilities; that they are strictly private corporations and that they do not offer any commodity for sale to the public generally, and therefore are not subject to the regulatory powers of the Public Service Commission. Assuming, as the relators assert, that they are strictly private corporations, the question presented is whether they are entitled to the writ prayed for under the provisions of Section 87 of the State Constitution which reads as follows:

"It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same; provided, however, that no jury trial shall be allowed in said supreme court, but in proper cases questions of fact may be sent by said court to a district court for trial."

█ The first case considered by the Supreme Court of this State under said Section of the Constitution was the early case of the State v. Nelson County reported in 1 N.D. 88, 45 N.W. 33, 38, 8 L.R.A. 283. In that case application was made to this court by a taxpayer of Nelson County to exercise original jurisdiction and issue a writ enjoining Nelson County and its officers from issuing bonds to procure seed grain for needy farmers. The bond issue was authorized by a legislative enactment. The writ was denied on the ground that the case affected only the local concerns of the county and its taxpayers and was not within the class of cases in which the Supreme Court would assume original jurisdiction. In denying the writ this court announced the following fundamental principle which has been followed with approval in all subsequent cases:

"When the information makes out a prima facie case, the writ will issue only in cases publici juris and those af-

fecting the sovereignty of the state, its franchises and prerogatives, or the liberties of its people. In such cases the court will judge for itself whether the wrong complained of is one which demands the interposition of this court."

■ The relators in the instant proceedings have petitioned this court to take original jurisdiction and to issue a prerogative writ to protect their private rights. Their private rights however do not involve publici juris, the sovereignty of the state, nor the liberties of the people. In the case of Duluth Elevator Company v. White, 11 N.D. 534, 90 N.W. 12, 14, the Duluth Elevator Company applied to this court for a writ commanding the State Board of Equalization to certify to this court for review a transcript of the record of the proceedings of the board relative to the levy of a tax which the elevator company alleged was illegal and void. The court denied the application for the writ. We quote from the opinion:

"The cause of action of the plaintiff therefore consists of an alleged unlawful invasion of the rights of the plaintiff, and the relief sought can go no further than to protect the rights of the plaintiff as an individual taxpayer. Actions for this purpose are very frequently instituted in the district courts of this state, but we think this is the first case ever attempted to be brought in the supreme court of the state for the sole purpose of relieving a taxpayer from the burden of an unlawful tax. The case is therefore important as a precedent, inasmuch as we know of no reason why any taxpayer of the state may not begin proceedings in this court for the annulment of an obnoxious tax, if the present proceeding can be upheld. But we have no difficulty, in the light of former adjudications, in reaching the conclusion that this proceeding cannot be sustained. It is true that under the provisions of section 87 of the state constitution this court has

power to issue certain enumerated writs, among which is the writ of certiorari, and to hear and determine the same; but it is likewise true that under section 103 of the same instrument the district courts and the judges thereof have jurisdiction and power to issue the same writs and to hear and determine the same. Both courts therefore being clothed with power to issue the several writs named, the question is presented whether it was the intention of the framers of the constitution to confer upon the supreme and district courts concurrent jurisdiction in all cases where remedies are sought through the medium of the writs enumerated in the constitution. This question has twice received very careful consideration at the hands of this court, and a construction has been placed upon the several provisions of the organic law which has been adhered to ever since this court has been in existence. Briefly stated, the conclusion reached was to the effect that the constitution makers did not intend to give concurrent jurisdiction to the two courts with respect to the writs in question, but, on the contrary, it was the intention to require all suitors to apply to the district courts when these writs, or either of them, is sought as a means of enforcing strictly private rights or the redress of private wrongs."

In the case of State v. Archibald, 5 N.D. 359, 66 N.W. 234, 240, this court quoted with approval the following from the case of Attorney General v. City of Eau Claire, 37 Wis. 400.

" 'To warrant the assertion of original jurisdiction here, the interest of the state should be primary and proximate, not indirect or remote; peculiar perhaps to some subdivision of the state, but affecting the state at large, in some of its prerogatives; raising a contingency requiring the interposition

of this court to preserve the prerogatives and franchises of the state, in its sovereign character; this court judging of the contingency, in each case, for itself. For all else, though raising questions publici juris, ordinary remedies and ordinary jurisdictions are inadequate. And only when, for some peculiar cause, these are inadequate, will the original jurisdiction of this court be exercised for protection of merely private or merely local rights.' "

In the case of State ex rel. Conrad v. Langer, 68 N.D. 167, 277 N.W. 504, 507 an application was made to this court by private relators, as citizens and taxpayers of the state, for a prerogative writ of mandamus to compel the respondents, as members of the State Board of Equalization to convene and correct the 1937 state levy by eliminating levies made for the mill and elevator bond payment fund. In denying the writ this court said:

"The relators have invoked the original jurisdiction of this court. It is well settled that this jurisdiction will not be exercised to vindicate private rights regardless of their importance; it is reserved for the use of the state itself when it appears to be necessary to vindicate or protect its prerogatives or franchises or the liberties of its people.

"'The jurisdiction,' said Morgan, Ch. J., (State ex rel. Steel v. Fabrick, 17 N.D. 532, 536, 117 N.W. 860, 861, 'is not to be exercised unless the interests of the state are directly affected. Merely private rights are not enough on which to base an application for the issuance of original writs by this court. The rights of the public must appear to be directly affected. The matters to be litigated must not only be publici juris, but the sovereignty of the state, or its franchises or prerogatives, or the liberties of its people, must be affected. Before the court will, in the exercise

of its original jurisdiction, issue prerogative writs, there must be presented matters of such strictly public concern as involve the sovereign rights of the state, or its franchises or privileges.' "

In the case of State ex rel. Posin v. State Board of Higher Education, N.D., 74 N.W.2d 79, 80, the relators petitioned this court for a prerogative writ. The relators were discharged as members of the faculty of the Agriculture College by the Board of Higher Education. They invoked the original jurisdiction of this court to secure a review of the action of the Board of Higher Education upon a writ of certiorari. They contended that the said Board acted in excess of its jurisdiction and that the rights of the public, the sovereignty of the state and its rights and franchises were directly affected by the Board's order. In denying the writ this court said:

"We think it clear that the rights sought to be vindicated are primarily private in character. The issues involved do not in any way affect the State in its sovereign capacity as they relate only to the construction of contracts made by one of its administrative boards.

"The relators have not brought any public injury to the attention of the court which justifies the exercise of original jurisdiction. Meyers v. Bertsch, 60 N.D. 127, 234 N.W. 513. The writ is therefore denied."

■ We conclude that the decisions of this court cited herein are controlling of the issues in the instant proceeding.

Sections 86 and 103 of the Constitution provide:

"Section 86.

"The Supreme Court, except as otherwise provided in this constitution, shall have appellate jurisdiction only,

which shall be co-extensive with the state and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

"Section 103.

"The district courts shall have original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law. They and the judges thereof shall also have jurisdiction and power to issue writs of habeas corpus, quo warranto, certiorari, injunction and other original and remedial writs, with authority to hear and determine the same."

Section 32-3502, NDRC 1943 provides:

"The writ of prohibition may be issued by the supreme and district courts to an inferior tribunal, or to a corporation, board, or person in any case, where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It is issued upon affidavit on the application of the person beneficially interested."

Under the sections of the Constitution and the Statute quoted, and the decisions of this court cited herein it is clear that the supreme court has appellate jurisdiction only, except as otherwise provided, and that it was not intended by the framers of the constitution that the supreme court and the district court should have concurrent jurisdiction in matters which concern only the rights or interests of private parties.

In support of their claim of right to a prerogative writ the relators cite the cases of State ex rel. Lofthus v. Langer, 46 N.D. 462, 177 N.W. 408, and City Commission v. Bismarck Water Supply Company, 47 N.D. 179, 181 N.W. 596.

In the case of State ex rel. Lofthus v. Langer the State Examiner and others petitioned this court for a writ of prohibition directed to the attorney general and secretary of state as members of the State Banking Board and a deputy state examiner, prohibiting them from declaring the Scandinavian American Bank of Fargo insolvent and appointing a receiver thereof. The writ was granted by a divided court, two of the judges writing separate dissenting opinions. That case may be distinguished from the instant proceeding in that both parties thereof were public state officials. In the instant case the relators are strictly private corporations seeking to vindicate their private rights.

The Bismarck Water Supply case supra involved an application for an original writ to have reviewed, set aside and annulled as being in excess of jurisdiction an order of the Railroad Commissioners granting an increase in rates to the Bismarck Water Supply Company. The petition alleged that the city had a population of 7,000 people and that the Commission by resolution made certain complaints against the Water Supply Company, and that a hearing held before the Board of Railroad Commissioners said Board exceeded its jurisdiction in granting to the Bismarck Water Supply Company permission to increase its rates. In that case two of the members of this court dissented on jurisdictional grounds, but joined in the opinion once jurisdiction was assumed by the majority of the court. The State ex rel. Lofthus v. Langer case and the Bismarck Water Supply Company case are both border line cases and will not warrant us in extending the original jurisdiction of this court to grant relief to aid private parties in vindicating their private rights.

The writ applied for by relators is denied.

BURKE, C. J., and JOHNSON, GRIMSON and MORRIS, JJ., concur.