Larry SCHNEIDER, Bismarck Gold & Silver Exchange; Bert Harsche, Antique & Coin Exchange; and Larry Axtman, Midwest Coin & Antique; Applicants and Appellants,

v.

Hugh Patrick SEAWORTH, Attorney for the City of Bismarck; and William J. Severin, Judge for the City of Bismarck; Respondents and Appellees.

Civ. No. 10937.

Supreme Court of North Dakota.

Oct. 30, 1985.

Thomas A. Dickson of Lundberg, Conmy, Nodland, Lucas & Schulz, P.C., Bismarck, for applicants and appellants.

Jane Fleck Romanov (argued) and Thomas A. Mayer of Fleck, Mather, Strutz & Mayer, Bismarck, and Hugh P. Seaworth, City Atty., Bismarck, for respondents and appellees.

VANDE WALLE, Justice.

Three Bismarck coin dealers appealed from an order of the district court of Burleigh County denying their application for a writ of prohibition that would prevent the City of Bismarck from pursuing prosecution against them. Because the trial court did not abuse its discretion in denying the writ, we affirm.

This case stems from the enactment of a city ordinance that regulates pawnbrokers, secondhand and antique dealers, and junk dealers. Among other things, the ordinance requires every person establishing or carrying on a business defined by the ordinance to keep a record of items purchased and loans made. Such records are to include the following:

> "the name and address of the seller or pledger, the date, the article sold or pledged, amount for which pledged and date of forfeiture and sale, together with the time when received and a description or driver's license number of the person by whom sold or left in pledge." Section 32–2, Code of Ordinances of the City of Bismarck.

The ordinance requires that the record as to an unsold item "shall be freely exhibited to any peace officer in the city, county or state upon demand during usual business hours."[1] . In addition, the ordinance at Section 32–5 prohibits loaning money to or purchasing property from a minor "without the written consent of the parents or guardian of that minor."

Appellants argue that the ordinance (1) violates the United States and North Dako-

---

1. Subsequent to the bringing of criminal charges against the appellants, the Board of City Commissioners amended the ordinance. The changes do not affect the general nature of the ordinance, but do extend access to the records to include all records (not just unsold items) and require that the records be retained for two years. In addition, access to the records is now limited to "any city police officer, who shall state his or her purpose of inspection, upon demand during usual business hours."

ta constitutional prohibitions against unreasonable searches and seizures; (2) violates the Due Process Clause of the United States Constitution by impermissibly restricting the rights of appellants and minors to engage in legitimate business transactions; and (3) violates the Interstate Commerce Clause of the United States Constitution. Without reaching the merits of these contentions, the district court refused to issue the writ of prohibition that would restrain the City of Bismarck from prosecuting appellants. The district court found, on the basis of the record before it and following arguments by counsel, that appellants failed to show "that they will be irreparably injured as a result of continued prosecution or that their right to appeal is not a plain, speedy and adequate remedy."[2]

The decision whether to grant the writ is discretionary with the court to which the application is made. *State v. Rippley*, 319 N.W.2d 129 (N.D.1982). The writ is to be employed "sparingly and only in cases where there is no adequate remedy by appeal or otherwise, or where other equitable principles justify the use of the extraordinary writ of prohibition." *State v. Hanson*, 252 N.W.2d 872, 875 (N.D. 1977). We have stated that application for a writ of prohibition is an appropriate method of attacking the constitutionality of a statute and that it "can provide a convenient way of reaching the constitutional question without the expense and delay of a full trial." *Hanson*, at 875. Nonetheless, the writ remains an extraordinary remedy whose use, especially in regard to criminal prosecutions, is not always favored. *Davis v. O'Keefe*, 283 N.W.2d 73 (N.D.1979). Appellants have alleged but have not demonstrated irreparable injury.[3] And as we stated in *Davis*, 283 N.W.2d at 76, "There is no irreparable injury, per se, as a matter of law, when an individual is required to defend himself against a criminal charge."

Before we will conclude that the lower court erred in refusing to issue a writ of prohibition, an appellant must affirmatively establish that there was an abuse of discretion, i.e., that the lower court acted in an arbitrary, unreasonable, or unconscionable manner. See, e.g., *State v. Rippley, supra; Eisenzimmer v. City of Balfour*, 352 N.W.2d 628 (N.D.1984). In this case, appellants argue that the lower court unreasonably denied their application for a writ of prohibition. We disagree. The denial of a writ of prohibition restraining enforcement of a statute or ordinance would be unreasonable where there is no adequate alternative and the statute or ordinance is "flagrantly and patently violative of express constitutional prohibitions ..." *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416, 1424 (1941). But where, as here, nonfrivolous arguments can be made to support the constitutionality of the enactment, we cannot say that the lower court's refusal to issue the writ was unreasonable.

The order denying the writ of prohibition is affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and ILVEDSON, Surrogate Judge, concur.

ILVEDSON, Surrogate Judge, participated in place of GIERKE, J., disqualified.

---

2. At the end of the hearing, the court stated: "... It just seems to me you can get a plain, adequate and speedy remedy in municipal court by having the judge make a ruling on the ordinance, and you have a right of appeal all the way up. That's all these cases contemplate. There's nothing unique to prompt me to exercise discretion. Therefore, I'm going to deny the exercise of discretion in this case."

3. Irreparable injury is not a requirement to the issuance of a writ of prohibition, although the potential for such injury should be considered in the determination of whether to grant the writ. See Section 32–35–02, N.D.C.C., and *State v. Hanson*, 252 N.W.2d 872 (N.D.1977).