2006 ND 115

**LeRoy K. WHEELER, Petitioner**

v.

**Tim SCHUETZLE, Warden of North Dakota State Penitentiary, Leann K. Bertsch, Director of Department of Corrections & Rehabilitation, and Wayne K. Stenehjem, Attorney General, Respondents.**

No. 20060074.

Supreme Court of North Dakota.

June 1, 2006.

LeRoy K. Wheeler, pro se, Bismarck, ND.

Ken R. Sorenson, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondents.

VANDE WALLE, Chief Justice.

[¶ 1]   LeRoy Wheeler, an inmate at the North Dakota State Penitentiary (Penitentiary) seeks a writ of prohibition from this Court prohibiting the Penitentiary from enforcing a North Dakota statute which Wheeler argues is unconstitutional, prohibiting the Penitentiary from requiring indigent inmates to pay postage and copying costs for legal documents, and prohibiting the Penitentiary from requiring Wheeler to give the Penitentiary his legal documents for one week when he asks to have copies made.   We decline to exercise our original jurisdiction to issue a writ of prohibition and deny the requested writ.

I

[¶ 2]   Wheeler is serving a life sentence, with opportunity for parole, at the Penitentiary after being convicted of the class A felony of gross sexual imposition and sentenced as a habitual offender.   Wheeler entered the Penitentiary in August of 2005.   Later that month, multi-disciplinary staff recommended Wheeler undergo an evaluation for the sex offender treatment program, an anger-batterers assessment, and an addiction-severity index assessment.   Wheeler refused to participate in the evaluations.   After an adjustment committee recommendation to stop Wheeler's performance-based   sentence   reduction, Wheeler is no longer able to earn performance-based sentence reduction time under N.D.C.C. § 12-54.1-01(1) because he refused to participate in the evaluations. Wheeler maintains he refused to partici-

pate in the evaluations because the evaluations and subsequent treatment programs would require him to admit guilt to the offense for which he was convicted after he pled not guilty at trial, maintains his innocence, and is in the process of appealing his convictions.

## II

[¶ 3] Article VI, Section 2 of the North Dakota Constitution provides in part that the Supreme Court "shall be the highest court of the state. It shall have appellate jurisdiction, and shall also have original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." Our case law, since Statehood, has carefully set forth the rare circumstances in which we exercise our original, as contrasted with our appellate, jurisdiction. *See* Thomas J. Burke, *The Prerogative Jurisdiction of the Supreme Court*, 32 N.D.L.Rev. 199 (1956).

[¶ 4] "A writ of prohibition is an extraordinary remedy to prevent an inferior body or tribunal from acting without or in excess of jurisdiction when there is not a plain, speedy, and adequate remedy in the ordinary course of law." *Old Broadway Corp. v. Backes*, 450 N.W.2d 734, 736 (N.D.1990). "The decision whether to grant the writ is discretionary with the court to which the application is made." *Schneider v. Seaworth*, 376 N.W.2d 49, 51 (N.D.1985). "The writ is to be employed 'sparingly and only in cases where there is no adequate remedy by appeal or otherwise, or where other equitable principles justify the use of the extraordinary writ of prohibition.'" *Id.* This Court has stated "application for a writ of prohibition is an appropriate method of attacking the constitutionality of a statute and that it 'can provide a convenient way of reaching the constitutional question without the expense

and delay of a full trial.'" *Id.* "Nonetheless, the writ remains an extraordinary remedy whose use, especially in regard to criminal prosecutions, is not always favored." *Id.*

[¶ 5] This is not an appeal of the denial of a writ of prohibition by a district court. *See, e.g., Schneider v. Seaworth*, 376 N.W.2d 49 (N.D.1985). Rather, Wheeler asks us to exercise our original jurisdiction by seeking a writ of prohibition directly from this Court rather than a district court. Wheeler did not apply for a writ of prohibition from a district court, but rather, applied directly to this Court asking us to exercise our original jurisdiction to issue the requested writ.

[¶ 6] It is well settled that our original jurisdiction "will not be exercised to vindicate private rights regardless of their importance." *State ex rel. Conrad v. Langer*, 68 N.D. 167, 173, 277 N.W. 504, 507 (1937). The Supreme Court's original jurisdiction "is reserved for the use of the state itself when it appears to be necessary to vindicate or protect its prerogatives or franchises or the liberties of its people." *Id.* Our original jurisdiction will not be exercised unless the interests of the state are directly affected. *Id.* at 507–08. An application for the issuance of original writs by this Court cannot be based only on private rights. *Id.* at 508. The rights of the public, the sovereignty of the state, or the liberties of its people must be affected before original jurisdiction will be exercised. *Id.*

[¶ 7] In declining to exercise our original jurisdiction on behalf of taxpayers seeking to compel the State Board of Equalization to take action we stated not only must the right be public, but the sovereignty of the state or the liberties of its people must also be affected. *State ex rel. Conrad v. Langer*, 68 N.D. 167, 277 N.W. 504 (1937). We also declined to ex-

ercise our jurisdiction in a lawsuit brought by taxpayers seeking to enjoin the action of a county government because "the case affected only the local concerns of the county and its taxpayers and was not within the class of cases in which [we] would assume original jurisdiction." *State ex rel. Amerada Petroleum Corp. v. N.D.*, 79 N.W.2d 297, 299 (N.D.1956) (discussing *State v. Nelson Cty.*, 1 N.D. 88, 45 N.W. 33 (1890)). Finally, we declined to exercise our original jurisdiction where petitioners sought a writ of prohibition to prohibit the Public Service Commission from carrying out an order of the Commission because the petitioners' private rights did not involve the public, the sovereignty of the state, or the liberties of its people. *State ex rel. Amerada Petroleum Corp. v. N.D.*, 79 N.W.2d 297 (N.D.1956).

[¶ 8] Procedurally, the title "State ex rel.," reflects that the application requesting the Supreme Court to exercise its original jurisdiction is reserved to the State itself and is used only to vindicate or protect its rights and prerogatives or the liberties of its people. The application for a writ addressed to the original jurisdiction of the Supreme Court must always be brought in the name of the State. Burke, 32 N.D.L.Rev. 199, 202 (1956). Furthermore, a private relator must set forth in his petition that he has called the alleged infringement upon the sovereignty of the State to the attention of the Attorney General and requested the Attorney General to institute an original proceeding but that the Attorney General has refused to do so or has unreasonably delayed doing so. *Id.* Wheeler has neither brought his application in the name of the State nor is it apparent on this record that he requested the Attorney General to do so. However, we do not refuse to exercise our jurisdiction solely on these procedural grounds.

[¶ 9] Wheeler's application for a writ of prohibition addresses his right to earn good-time sentence reduction credits, his right to postage and copying costs necessary to access the courts, and his privacy rights in legal documents. Wheeler seeks to vindicate private rights. Wheeler's grievances do not involve the public, the sovereignty of the state, nor the liberties of the people. Wheeler's petition is based only on private rights and does not directly affect the state's interests. We decline to exercise our original jurisdiction to issue a writ of prohibition and thereby deny the requested writ.

[¶ 10]DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.